UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO:

JOE NATHAN PYATT JR.,

Plaintiff,

v.

AECOM TECHNICAL SERVICES, INC.,

Defendant.

_____/



FILED BY_____D.C.

AUG 16 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

COMES NOW, the Plaintiff, JOE NATHAN PYATT Jr. ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, AECOM TECHNICAL SERVICES, INC. ("Defendant"), and states as follows:

### NATURE OF THE CASE

1. The Plaintiff was hired by the Defendant, AECOM Technical Services Inc., in July 2017 as a full-time employee to develop his engineering design skill set in preparation for an entry level position of Roadway Engineer I.

2. The Plaintiff was expected to work 40 hours a week Monday-Friday and report billable hours for compensation. The Plaintiff was also working with other employees outside of his roadway department to further his development as an Engineer in Training ("EIT").

3. The Plaintiff began experiencing discrimination based on disparate treatment working for the Defendant. The plaintiff was the only African American in the

roadway design group (Final Design) and was treated differently simply because of the color of his skin.

4. The Plaintiff suffered adverse employment actions for behaving in a manner protected under Section 1981 of the Civil Rights Act of 1866. The Plaintiff made allegation of discrimination based on disparate treatment and was reprimanded and suffered employment restrictions as a result. The Plaintiff was deprived of billable work and was not allowed to engage in the same working conditions available to other employees outside of his protected class.

5. The Plaintiff was treated in a hostile manner to force him to quit his job by AECOM management. The Plaintiff opened two internal investigations into his claim for discrimination based on disparate treatment, the second of which, was not resolved prior to his termination from the company. The Plaintiff now is forced to commence this action in this court to redress his grievances.

## JURISDICTION AND VENUE

6. This action seeks damages in excess of $75,000.00, as a result of Defendant's race discrimination against Plaintiff in violation of Section 1981 of the Civil Rights Act of 1866.

7. The jurisdiction of the Court over this controversy is based upon 28 USC § 1331 and 1332.

8. Plaintiff was at all times relevant to this action, and continues to be, a citizen of Florida, within the jurisdiction of this Honorable Court.

9. Defendant is a California corporation with its principal place of business in Los Angeles, California.

10. Venue is proper, pursuant to 28 USC § 1391, because the acts giving rise to the claims for race discrimination occurred in this district.

## FACTUAL ALLEGATIONS

11. The Plaintiff experienced his first confrontation with racism on October 31st, 2017, when his unofficial supervisor, Mr. Worthy, brought black face[1] to the office and showed him the mask.

12. The Plaintiff began to experience discrimination based on disparate treatment because of the color of his skin in January 2018.

13. The Plaintiff alleged the discrimination based on disparate treatment to AECOM management and was reprimanded for doing so.

14. The Plaintiff's working condition were restricted, for alleging discrimination based on disparate treatment, by not allowing him to enter the office early, leave late, nor enter the office on the weekends.

---

[1] Black Face became popular in the United States after the civil war as white performers played characters that demeaned and dehumanized African Americans. "It's an assertion of power and control," says David Leonard, a professor of comparative ethnic studies and American studies at Washington State University. "It allows a society to routinely and historically imagine African Americans as not fully human. It serves to rationalize violence and Jim Crow segregation."

15. The Plaintiff was told by the office manager, Mr. Garcia, that he was not allowed to enter the office early, leave late, nor enter the office on the weekends after alleging the racially motivated discriminatory behavior by Mr. Worthy.

16. The Plaintiff was told by his immediate supervisor, Mr. Charpentier, that he was not allowed to enter the office early, leave late, nor enter on the weekends because the Plaintiff is "making people very uncomfortable" after he alleged discrimination based on disparate treatment.

17. The Plaintiff suffered adverse employment actions when he was not given billable work by Mr. Charpentier and so he was forced to use Paid Time Off ("PTO") hours to be compensated during his regular work hours.

18. The Plaintiff has direct evidence of intentional discrimination by recording the conversations with AECOM management which proves the discrimination based on disparate treatment that was occurring during his employment.

## COUNT I

Discrimination Based on Disparate Treatment in violation of Section 1981 of the Civil Rights Act of 1866

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

20. The courts approach claims under Section 1981 of the Civil Rights Act of 1866 the same as claims brought under Title VII of the Civil Rights Act of 1964, as amended. The supreme court has stated [w]e have previously held that the substantive elements of a claim under section 1981 are generally identical to

the elements of an employment discrimination claim under Title VII. *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181 (3d Cir. 2009). The court similarly has stated that Title VII of the Civil Rights Act of 1964 and Section 1981 "have the same requirements of proof and use the same analytical framework." *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

21. At all time material hereto, Defendant failed to comply Section 1981 of the Civil Rights Act of 1866 with the "same analytical framework" of Title VII which in its relevant section states it is an unlawful employment practice for an employer to "discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race. . . .or to limit. . .his employees. . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

22. The Plaintiff is a Black African American male and he possessed the requisite qualifications and skills to perform his position with Defendant.

23. The Plaintiff was subjected to disparate treatment in the work place while similarly situated; non-black employees were treated better and allowed better work opportunities.

24. As a direct and proximate result of the Defendants' unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

25. Defendant violated Section 1981 of the Civil Rights Act of 1866 by discriminating against Plaintiff because of his race in the terms, conditions, and privileges of employment.

26. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Section 1981, protecting a person from discrimination because of race.

27. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully request that this Honorable Court enter judgement against Defendant; Find that the Defendant indeed violated Section 1981 of the Civil Rights Act of 1866, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of Section 1981 of the Civil Rights Act of 1866;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment, mental anguish, and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D. Grant Plaintiff 10 million USD in punitive damages.

E. Award any other compensation allowed by law including all that incorporates compensatory and punitive damages.

F. Grant Plaintiff a trial by jury; and

G. Grant any such other and further relief as the court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 08-07-2022

Respectfully Submitted

*Joe Pyatt*

Joe Nathan Pyatt Jr.
1551 SW 104th Passage
Miami, FL. 33174
Telephone: (305) 240-4591

Joe Nathan Pyatt Jr.
02748-506
Miami FDC
P.O. Box 019120
Miami, FL 33101

Clerk of the Court
400 North Miami Avenue
Miami, FL 33128

U.S.M.S.
INSPECTED
BY_____

Legal